FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 03 2019

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY HERVAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C. A. NO. 2:19-cv-62-BRW |
| | § | JURY TRIAL REQUESTED |
| DANNY ELROY ALEXANDER, | § | |
| BSA TRUCKING, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now TERRY HERVAS (hereinafter sometimes referred to as "Plaintiff"), complaining of DANNY ELROY ALEXANDER, (hereinafter sometimes referred to as "ALEXANDER" or "Defendant") and BSA TRUCKING, (hereafter sometimes referred to as "BSA" or "Defendant"), and for cause of action would respectfully show unto the Court as follows:

### Parties

1.  Plaintiff TERRY HERVAS is a resident and citizen of Little Rock, Pulaski County, Arkansas.

2.  Defendant, DANNY ELROY ALEXANDER, is an individual residing in and citizen of Ararat, Patrick County, Virginia, and may be served with process at 1100 River Road, Ararat, VA 24053.

3.  Defendant, BSA Trucking., is a North Carolina Company at all times doing business in Arkansas. BSA Trucking's principal office and place of business is Dobson, North Carolina.

Service of process upon Defendant, BSA Trucking should be by service on its President, Randy Davis, at the principal place of business, 512 Rockford Road, Dobson, North Carolina 27017.

## Jurisdiction and Venue

4.      This court has jurisdiction pursuant to 26 U.S.C. § 1332, because Plaintiff is an Arkansas citizen and Defendants are citizens of Virginia and North Carolina. Defendant BSA is a North Carolina corporation doing business in Arkansas. Defendant Alexander is a citizen of Virginia. The amount in controversy, exclusive of interest and costs, well exceeds $75,000.00. The events that are the subject of this lawsuit occurred in Forrest City, St. Francis County, Arkansas.

## Facts

5.      On or about September 23, 2018, Defendant Alexander was operating a tractor trailer owned by BSA Trucking utilizing DOT No. 739037, traveling Westbound on 239 on the outside lane at approximately 1:10 am. Plaintiff Mr. Hervas was also traveling Westbound on 239 on the inside lane. Defendant Alexander began to change lanes into Mr. Hervas. Mr. Alexander ignored the honking of Mr. Hervas and drove his vehicle into the guardrail causing a collision with the tractor trailer and guardrail. The collision caused extreme and painful injuries to Mr. Hervas.

## Negligence of Danny Alexander

6.      Defendant Alexander was the employee of Defendant BSA Trucking, and was acting in the course and scope of employment at the time of the collision.

7.      Defendant Alexander had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant Alexander's negligent, careless

and reckless regard of that duty. These negligent acts are imputed to his employer Defendant BSA Trucking.

8. The negligent, careless and reckless disregard of Defendant Alexander consisted of, but is not limited to, the following acts and omissions that proximately caused the Plaintiff's damages:

    a) Failing to maintain a proper lookout;

    b) Failing to operate his vehicle in a manner safe for conditions;

    c) Improper lane change;

    d) Failing to maintain control of his vehicle; and

    e) Failing to control the speed of his vehicle as would have a reasonably prudent person so as to avoid harm to Plaintiff.

Each of such acts and omissions taken separately or in combination constituted negligence that proximately caused the collision and the injuries and damages sustained by Plaintiff.

10. On the occasion in question, the acts and omissions of Defendant Alexander also constituted negligence per se in the following particulars:

    a) Driving his truck at an unlawful speed in violation of ARKANSAS TRAFFIC CODE § 27-51-302:

> Driving on roadways laned for traffic.
>
> Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules in addition to all others consistent with this subchapter shall apply:
>
> (1) A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety

Each of such act and omission taken separately or in combination constituted negligence per se which proximately caused the collision and the injuries and damages sustained by Plaintiff.

## Negligence of BSA Trucking

11. On the date of the collision, Defendant Alexander was operating a 2016 Peterbilt tractor, owned by Defendant BSA Trucking. Defendant Alexander was acting as an agent, employee or under the control of Defendant BSA Trucking. Therefore, BSA Trucking is vicariously liable to Plaintiff herein by virtue of the doctrine of respondent superior. Independent of this vicarious liability, on information and belief, BDSA Trucking negligently entrusted their vehicle and semi-trailer to Alexander. BSA's negligence was a proximate cause of Plaintiff's damages. In connection with the circumstances surrounding the collision, BSA Trucking, acting individually or through vice principals, created an extreme risk of harm, and acted without regard to the health and safety of Plaintiff with such conscious indifference to the rights and welfare of Plaintiff that their acts constitute gross negligence.

## Damages

15. The collision caused Terry Hervas to suffer severe personal injuries. As a direct and proximate result of the acts and omissions of Defendants, acting individually or collectively, Plaintiff sustained damages for which he seeks recovery.

16. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has sustained actual damages above this court's minimum jurisdictional limits. Plaintiff asserts claims based on personal injury and survival claims and seeks to recover all non-economic damages for these claims as recognized under Arkansas law.

## Jury Demand

17. Plaintiff demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear herein, and for judgment against Defendants for Plaintiff's damages, pre and post judgment interest as provided by law, costs of suit, and for such other and further relief, whether general or specific, in law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Stewart D. Matthews
Stewart D. Matthews
Arkansas State Bar No. 2013289
Texas State Bar No. 24039042
Attorney@accidentlawyer.legal
1905 W. Ennis Avenue
Suite 506
Ennis, Texas 75119
(972) 398-6666 – Phone
(214) 206-9991 – Fax

**Attorney for Plaintiff**